**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN P. ANGELILLO, | : | No. 3:25cv1929 |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF SCI-COAL TOWNSHIP, | : | |
| et al., | : | |
| | : | |
| Respondents | : | |

............................................................................................................

## MEMORANDUM

Petitioner John Angelillo ("Angelillo") filed the instant petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and

conviction imposed in the Court of Common Pleas of Pike County, Pennsylvania.

(Doc. 1). For the reasons discussed below, the court will deny the petition.

I.    **Background**

On October 7, 2021, Angelillo pled guilty to possession with intent to

deliver/delivery of a controlled substance, and misdemeanor stalking. (Doc. 1, at

1; Doc. 20-1, Guilty Plea Colloquy; Commonwealth v. Angelillo, No. CP-52-CR-

0000248-2021 (Pa. Ct. Com. Pl. Pike Cnty.)). On December 10, 2021, the trial

court sentenced Angelillo to an aggregate sentence of 32 months to ten years of

imprisonment. (Doc. 1, at 1; Doc. 20-2, Sentencing Order).

Angelillo filed a timely direct appeal, arguing that the trial court abused its discretion in imposing consecutive sentences at the high end of the sentencing guidelines. (Doc. 20-3, Angelillo's Direct Appeal Brief). On August 23, 2022, the Pennsylvania Superior Court affirmed the judgment of sentence, finding that "the trial court properly imposed the sentences, and that the aggregate sentence is not excessive in light of the criminal conduct at issue." (Doc. 20-5, at 11, Commonwealth v. Angelillo, No. 228 EDA 2022 (Pa. Super.)). Angelillo did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On May 23, 2023, Angelillo filed a timely pro se petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-46, in which he raised claims of ineffectiveness of counsel and claimed that his confession was coerced. (Doc. 20-6, PCRA Petition). The PCRA court appointed counsel for Angelillo, who subsequently filed a motion to withdraw his representation along with a no-merit letter, setting forth reasons for concluding that the petition was frivolous. (Doc. 20-7, Motion to Withdraw as Counsel). On August 17, 2023, the PCRA court granted counsel's motion to withdraw and issued a Notice of Intent to Dismiss the PCRA petition. (Doc. 20-8, Order Granting Withdrawal of Counsel).

On August 13, 2023, during the pendency of the review of his PCRA petition, Angelillo filed a "Motion to Reconstruct and/or Merge Consecutive

2

Sentences." (Doc. 20-9, Motion to Reconstruct and/or Merge Consecutive Sentences). On August 18, 2023, the trial court denied the motion. (Doc. 20-10, Order Denying Motion to Reconstruct Sentences).

On January 11, 2024, the PCRA court denied relief. (Doc. 20-11, PCRA Court Order). Angelillo filed a timely notice of appeal, arguing that his plea was coerced and that the trial court should have exercised its discretion to impose concurrent, rather than consecutive sentences. (Doc. 20-12, Notice of Appeal; Doc. 20-13, PCRA Appeal Brief). On November 26, 2024, the Pennsylvania Superior Court affirmed the PCRA court's order denying the petition. (Doc. 20-16, Commonwealth v. Angelillo, 744 EDA 2024 (Pa. Super. 2024)). Angelillo sought review with the Pennsylvania Supreme Court, and on August 5, 2025, the Pennsylvania Supreme Court denied his petition for allowance of appeal. (Doc. 20-17).

On or about October 8, 2025, Angelillo filed the instant federal habeas petition.[1] (Doc. 1). In his habeas petition, Angelillo sets forth the following claims for relief[2]:

---

[1] Under the prisoner mailbox rule, the court deems the petition filed on October 8, 2025, the date Angelillo signed it. See Houston v. Lack, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

[2] Angelillo's claims are somewhat difficult to decipher. The court has made every effort to view them broadly in light of Angelillo's pro se status.

3

- Ground one: "conflict of interest, corruption of Judicial system by the DA's office, prosecutorial misconduct, sentencing entrapment, [and] waiv[er] [of a] hearing" (id. at 5)

- Ground two: Angelillo asserts that he "petitioned to the Supreme Court of Pennsylvania with the same grounds of complaints as previous ground one" and "[he] was taken advantage of" (id. at 6)

- Ground three: "corruption of Judicial system, coercion, prosecutorial misconduct, sentencing entrapment, conflict of interest" (id. at 8)

- Ground four: unconstitutional/illegal entrapment/coerced plea (id. at 9)

## II.    Legal Standards

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 68.

4

A.   Exhaustion and Procedural Default

A habeas petitioner must exhaust state court remedies before obtaining habeas relief.  28 U.S.C. § 2254(b)(1)(A).  The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.  See Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of Pennsylvania Supreme Court Order No. 218, issued May 9, 2000, ("Order No. 218"), it is no longer necessary for Pennsylvania inmates to seek allocatur from the Pennsylvania Supreme Court in order to exhaust state remedies under 28 U.S.C. § 2254(c).  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) ("We now hold that Order No. 218 renders review from the Pennsylvania Supreme Court 'unavailable' for purposes of exhausting state court remedies under § 2254(c).").[3]  The habeas petitioner has the burden of proving exhaustion.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

_____

[3] In May 2000, the Pennsylvania Supreme Court issued an order, Order No. 218, rendering review from the Pennsylvania Supreme Court "unavailable" for purposes of exhausting state court remedies for federal habeas petitions under 28 U.S.C. § 2254(c). Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004) (interpreting In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) ("Order No. 218")).  This means that, for purposes of federal habeas review under § 2254, a person in Pennsylvania custody "need not seek review from the Pennsylvania Supreme Court" in order to have exhausted state remedies and seek federal habeas review. Id.

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile.  Lambert, 134 F.3d at 518-19.  Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).  In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner establishes cause for the default and prejudice resulting therefrom, or that a failure to consider the claim will result in a fundamental miscarriage of justice.  Werts, 228 F.3d at 192.  To meet the "cause" requirement to excuse a procedural default, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Id. at 192-93 (quoting and citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)).  Additionally, a petitioner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial claim of ineffective assistance of trial counsel.  Martinez v. Ryan, 566 U.S. 1, 14 (2012).  To establish prejudice, a petitioner must prove "'not merely that the errors at…trial created a possibility of prejudice, but that they worked to his

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Bey v. Sup't Greene SCI, 856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule of procedural default, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray, 477 U.S. at 496). This requires that the petitioner supplement his claim with "a colorable showing of factual innocence." McCleskey v. Zant, 499 U.S. 467, 495 (1991) (citing Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). In other words, a petitioner must present new, reliable evidence of factual innocence. Schlup, 513 U.S. at 324.

B.    Merits Standard

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

7

(1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of

8

fact.  Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a

habeas petitioner "must clear a high hurdle before a federal court will set aside

any of the state court's factual findings."  Mastracchio v. Vose, 274 F.3d 590,

597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual

determination should be adjudged "unreasonable" under paragraph (2) only if the

court finds that a rational jurist could not reach the same finding on the basis of

the evidence in the record.  28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp.

2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08

(9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979).  "This provision

essentially requires the district court to step into the shoes of an appellate

tribunal, examining the record below to ascertain whether sufficient evidence

existed to support the findings of fact material to the conviction."  Breighner v.

Chesney, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. §

2254(d)(2) and (f)[4]).  Mere disagreement with an inferential leap or credibility

judgment of the state court is insufficient to permit relief.  Porter, 276 F. Supp. 2d

at 296; see also Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v.

---

[4] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."  28 U.S.C. § 2254(f).

Tucker, 245 F.3d 7, 16 (1st Cir. 2001).  Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp. 2d at 296; see also Williams, 529 U.S. at 408-09.

## III.  Discussion

It is first necessary to determine whether Angelillo's claims presented in his habeas petition have been exhausted in the state courts and, if not, whether the circumstances of his case are sufficient to excuse his procedural default.

### A.  Defaulted Claims

Grounds one, two, and three (other than Angelillo's reference to coercion) have not been pursued in the state courts.  As set forth above, in his direct appeal, Angelillo argued that the trial court abused its discretion in imposing consecutive sentences at the high end of the sentencing guidelines.  (Doc. 20-3, Angelillo's Direct Appeal Brief).  And, in his PCRA petition, Angelillo raised claims of ineffectiveness of counsel and claimed that his confession was coerced.  (Doc. 20-6, PCRA Petition).

Angelillo never raised the claims set forth in grounds one, two, and three (other than coercion) in state court.  The time for filing both a direct appeal and a PCRA petition has expired, and the state procedural rules prohibit Angelillo from bringing these claims in state court.  See PA. R. APP. P. 903(a) (time for filing a

10

direct appeal); 42 PA. CONS. STAT. ANN. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. ANN. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").  Angelillo is therefore in procedural default for failing to comply with the state filing requirements.

Angelillo can overcome procedural default with a showing of "cause and prejudice" or by showing a "fundamental miscarriage of justice."  Werts, 228 F.3d at 192 (quoting Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000) (quoting McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)); see also Coleman, 501 U.S. at 750 (applying "cause and prejudice" standard to district court review of habeas petitions).  To show "cause," a petitioner must establish that "some objective factor external to the defense impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule."  Murray, 477 U.S. at 488.  "Prejudice" requires that the "habeas petitioner…show 'not merely that the errors at…trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Id. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).  Angelillo failed to present any argument to excuse

11

his default of these claims.  (See Doc. 1).  Accordingly, the court finds that Angelillo's procedural default should not be excused, and the claims in grounds one, two, and three (other than the coercion claim) are barred from federal review.

> B.    Merits of Ground Four/Coercion Claim

In his PCRA petition, Angelillo argued, inter alia, that his confession was coerced.  (Doc. 20-6).  Both the PCRA court and the Pennsylvania Superior Court denied relief on this claim.  (Docs. 20-12, 20-13, 20-16).

To the extent that Angelillo's present habeas claim regarding his plea amounts to a challenge as to whether his plea was knowing, voluntary, and intelligent under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, it is without merit.

To comport with the Due Process Clause, a defendant's plea of guilty must be voluntary and intelligent.  Boykin v. Alabama, 395 U.S. 238 (1969).  The "long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting N.C. v. Alford, 400 U.S. 25, 31 (1970)).  A guilty plea may be constitutionally infirm if the defendant failed to understand the constitutional rights he was waiving by pleading guilty or had an incomplete understanding of the charges

lodged against him.  Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976).  "A

defendant pleading guilty must first receive 'real notice of the true nature of the

charge against him....'"  Taylor v. Piazza, 2012 WL 1900655, *7 (E.D. Pa. 2012)

(quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).  Thus, "[i]n order for a plea

to be considered intelligent, the accused must have sufficient understanding of

the charges against him so that he can make an actual admission of guilt and

understand the nature of the constitutional protections he is waiving."  Id. (citing

Henderson, 426 U.S. at 645 n.13).  Furthermore, the "knowing, voluntary and

intelligent" standard "requires the defendant to 'be advised of and understand the

direct consequences of a plea.'"  Virgin Islands v. Greenaway, 379 F. App'x 247,

250 (3d Cir. 2010) (emphasis in original) (quoting United States v. Salmon, 944

F.2d 1106, 1130 (3d Cir. 1991)).  The United States Supreme Court "explicitly

included 'the permissible range of sentences' as one of the factors that

defendants must be aware of before pleading guilty."  Jamison v. Klem, 544 F.3d

266, 277 (3d Cir. 2008) (citing Boykin, 395 U.S. at 244 n.7).

A habeas petitioner challenging the voluntary nature of his guilty plea faces

a heavy burden.  Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).  "[T]he

representations of the defendant, his lawyer, and the prosecutor at [a plea]

hearing, as well as any findings made by the judge accepting the plea, constitute

a formidable barrier in any subsequent collateral proceedings.  Solemn

13

declarations made in open court carry a strong presumption of verity." Id. (citing

Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Upon review of Angelillo's claim, the Pennsylvania Superior Court

determined that the guilty plea was indeed voluntary. Specifically, the Superior

Court found as follows:

> We agree with the PCRA court's determination that Appellant's claims that he was coerced into pleading guilty are contradicted by the written plea colloquy he signed and initialed. Appellant agreed that the factual basis of the plea was correctly set forth in the colloquy and admitted to committing the crimes for which he was pleading guilty. Appellant confirmed he understood the charges against him, agreed that "[n]o one has used any force or threats against me in order to get me to enter this plea of guilty," and averred that "[n]o promises have been made to me in order to get me to enter this plea other than what is set forth in the plea agreement." Written Plea Colloquy, at 3. Appellant acknowledges in the plea colloquy that the negotiated sentence recommendation was for Appellant to receive a standard range sentence pursuant to the Pennsylvania sentencing guidelines and that the trial court had the discretion to impose consecutive or concurrent sentences.
>
> A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. Commonwealth v. Jamison, 284 A.3d 501, 506 (Pa. Super. 2022) (quoting Commonwealth v. Jabbie, 200 A.3d 500, 506 (Pa. Super. 2018)[)]. Accordingly, we conclude that the trial court correctly dismissed Appellant's petition as meritless.

(Doc. 20-16, at 4, Commonwealth v. Angelillo, 744 EDA 2024 (Pa. Super. 2024)).

Deferring to the state court's factual findings, pursuant to 28 U.S.C. §

2254(e)(1), this court deems the Superior Court's ruling on the voluntariness of

14

the plea to be in accord with federal law.  Angelillo's suggestion that he was taken advantage of and forced into a plea is undermined by the record as described by the state court.  Angelillo actively participated in the colloquy, signed and initialed the written colloquy, confirmed he understood the charges against him, agreed that "[n]o one has used any force or threats against [him] in order to get [him] to enter this plea of guilty," and agreed that "[n]o promises have been made to [him] in order to get [him] to enter this plea other than what is set forth in the plea agreement." (Doc. 20-1, at 11; Doc. 20-16, at 4).  The colloquy itself adequately ensured that Angelillo understood the nature of the charges against him and the potential sentence he faced.  (Doc. 20-1).  Nothing in Angelillo's habeas petition otherwise suggests that the plea was anything but fully voluntary.  Accordingly, the court will deny habeas relief on this claim.

## IV.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

15

deserve encouragement to proceed further." Miller-El, 537 U.S. at 327.  As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Angelillo failed to demonstrate that a certificate of appealability should issue.

## V.    Conclusion

The court will deny Angelillo's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue.  A separate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    July____, 2026

16